# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2350

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Norman C. Blue Coat, Jr., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 10, 2002

Filed: August 14, 2003

_____

Before WOLLMAN, GIBSON, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

In this appeal, appellant contends that the district court[1] improperly required him to register as a sexual-offender as a special condition of his supervised release. On appeal, appellant argues that because he pled guilty only to burglary, instead of a sex-offense, the imposition of this requirement constitutes an illegal sentence. Because we find that the defendant entered into a valid waiver of his appellate rights, we dismiss his appeal.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

# I. Background

On October 16, 2001, Norman C. Blue Coat entered the home of a young girl, went into her bedroom, and attempted to sexually assault her. He was caught by the girl's mother and subdued by other individuals until the police arrived. After being arrested and transported to prison, Mr. Blue Coat allegedly tried to sexually assault another inmate. Additionally, Mr. Blue Coat was suspected of forcibly raping his female cousin fifteen months prior to this incident.

On December 12, 2001, a grand jury indicted Mr. Blue Coat on four counts related to the October 16, 2001, incidents. Count I of the indictment charged him with First Degree Burglary in violation of 18 U.S.C. § 1153 and South Dakota Codified Law § 22-32-1. Count II charged him with abusive sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a)(2), 2242(2), and 2246 (3). Count III charged him with sexual contact with a child between the ages of 12 and 15 in violation of 18 U.S.C. §§ 1153, 2244(a)(3), 2243(a), and 2246 (3). Count IV charged him with the attempted sexual assault on his fellow inmate in violation of 18 U.S.C. §§ 1153, 2242(2), and 2246 (2).

On January 25, 2002, Mr. Blue Coat entered into a plea agreement with the government. In exchange for the government dismissing Counts II-IV of the indictment and agreeing not to prosecute him for the alleged rape of his cousin, Mr. Blue Coat pled guilty to Count I – First Degree Burglary. As part of the plea agreement, he waived most of his appellate rights. The district court then sentenced him to fifty-seven months in prison and three years of supervised release. As a special condition of his supervised release, the district court required Mr. Blue Coat to register as a sex-offender.

On appeal, Mr. Blue Coat argues that notwithstanding this waiver, he retained the right to appeal an illegal sentence. In this case, he claims the requirement that

he register as a sex-offender constitutes such an illegal sentence. The government argues that this condition is not illegal and that Mr. Blue Coat's appeal should be dismissed because of the valid waiver.

## Discussion

The Eighth Circuit recently explained in United States v. Andis, No. 01-1272 (8th Cir. June 27, 2003) (en banc), that valid waivers of appellate rights are generally enforceable. Andis, slip op. at 4. In analyzing whether a waiver prohibits an appeal, the first step is to determine the waiver's scope. Id. at 5-6. In this case, Mr. Blue Coat's waiver stated:

> WAIVER OF DEFENSES AND APPELLATE RIGHTS: Defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which Defendant has asserted or could assert to this prosecution, and the Court's entry of judgment against Defendant and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742. The Defendant may appeal any sentence which is a departure up from the guideline range and the United States may appeal any sentence which is a departure below the guideline range.

This waiver clearly limits Mr. Blue Coat's appellate rights. The only appellate right he retained was the right to appeal a "departure up from the guideline range." Thus, his waiver would prevent him from appealing the conditions of his supervised release. See Andis, slip op. at 10 n.7 (describing how conditions of supervised release are considered a part of a defendant's sentence).

Since the waiver would prohibit Mr. Blue Coat's appeal, we must determine whether it was entered into knowingly and voluntarily. Id. at 6-8. Mr. Blue Coat has not argued that he entered into the waiver unknowingly or involuntarily. Additionally, in accepting Mr. Blue Coat's plea agreement and change of plea, the

district court carefully discussed the waiver to make sure Mr. Blue Coat understood its significance.  See Transcript for Change of Plea Hearing, February 5, 2002, pages 8-9.[2]  Finally, we note that the agreement waived both parties' rights, reserving for the government only the right to appeal "a departure below the guideline range."  All

----

[2]In fact, the district court conducted a very helpful discussion with the defendant regarding the impact of the waiver on Mr. Blue Coat's appellate rights. The relevant portions of that discussion are as follows:

> Q. Now, you have kept the right to appeal an upward departure, in other words, if I sentence you to a more severe penalty than that called for by the Federal Sentencing Guideline range, you understand that?
>
> A. Yes.
>
> Q. The problem however, for you and the danger to you in that regard is that neither you nor Mr. Albright [,your attorney,] know for sure at this time what that guideline range is, and therefore, you are still taking your chances in that regard. Do you understand that?
>
> A. Yes
>
> Q. Now, other than keeping that right, you have given up all rights to appeal.  In other words, if you don't like what I do in your case as to the facts or the law or in general what your sentence is, you have no place to go.  You cannot go to the Court of Appeals in St. Louis, Missouri and you cannot go to the U.S. Supreme Court.  You would be stuck with what I do, right or wrong in your case, and of course judges, like anyone else, make mistakes, and if I make a mistake in your case and you don't like it, you are stuck with it and so you are giving up very valuable rights.  Do you understand all of that?
>
> A. Yes

of these facts lead to the conclusion that Mr. Blue Coat knowingly and voluntarily waived his appellate rights.

Since Mr. Blue Coat knowingly and voluntarily entered into a waiver of his appellate rights, and the special conditions of his supervised release were covered by that waiver, we will dismiss his appeal unless our failure to do so would constitute a miscarriage of justice. Andis, slip op. at 8. As we discussed in Andis, the miscarriage of justice exception is a very narrow exception to the general rule that waivers of appellate rights are enforceable. Id. at 9.

Mr. Blue Coat attempts to invoke the miscarriage of justice exception by claiming that the conditions of his supervised release constitute an illegal sentence. Although the miscarriage of justice exception allows this court to hear appeals of illegal sentences, even where an otherwise valid waiver exists, the conditions of supervised release imposed by a district court do not fall within this narrow exception, unless the conditions "were based on some other constitutionally impermissible factor . . . ." Andis, slip op. at 12-13.

The defendant in Andis also claimed that the conditions of his supervised release constituted an illegal sentence. Id. at 2. In Andis, we stated that a general waiver of appellate rights "prevents this Court from reviewing the conditions of [a defendant's] supervised release and determining whether the district court abused its discretion in imposing those conditions." Id. at 12. Since Mr. Blue Coat has not alleged any other circumstances surrounding the imposition of his sentence that would fall within the miscarriage of justice exception, we find this case indistinguishable from Andis and dismiss Mr. Blue Coat's appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.