# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2475

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Timothy J. Barnhill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 30, 2003

Filed:  January 12, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Timothy J. Barnhill pleaded guilty to being a felon in possession of a firearm. The district court[1] sentenced Barnhill to 72 months imprisonment and 3 years supervised release. The court also imposed, as special conditions of supervised release, the requirements that Barnhill (1) participate in substance-abuse, mental-health, and "breath-alcohol ignition interlock device" programs, (2) submit to searches by the probation office upon reasonable suspicion

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

of Barnhill's violation of his release conditions, and (3) not consume or possess alcoholic beverages. On appeal, Barnhill's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the supervised-release conditions imposed by the district court are not reasonably related to Barnhill's offense; the government breached its duty under the plea agreement by not recommending an acceptance-of-responsibility reduction; the court erred by not granting the reduction; and Barnhill was denied effective assistance of counsel. Barnhill has moved separately for appointment of counsel.

In the plea agreement, Barnhill waived his right to appeal his sentence, with limited exceptions not applicable here. After carefully reviewing the record, we conclude that the government did not breach the plea agreement; that all of Barnhill's arguments, except his ineffective-assistance claim, fall within the scope of the waiver; that Barnhill entered into the plea agreement knowingly and voluntarily; and that no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-93 & n.7 (8th Cir.) (en banc), cert. denied, 124 S. Ct. 501 (2003); United States v. Blue Coat, 340 F.3d 539, 542 (8th Cir. 2003); United States v. Michelsen, 141 F.3d 867, 873 (8th Cir.), cert. denied, 525 U.S. 942 (1998). Further, Barnhill's ineffective-assistance claim is not properly raised in this direct criminal appeal. See United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001), cert. denied, 535 U.S. 948 (2002).

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues not waived by the plea agreement. Accordingly, we enforce Barnhill's appeal waiver, dismiss this appeal, and grant counsel's motion to withdraw. We also deny Barnhill's motion for counsel.

_____