# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1364

_____

United States of America,

          Appellee,

    v.

Michael J. Nunn,

          Appellant.

*
*
*   Appeal from the United States
*   District Court for the Southern
*   District of Iowa.
*
*        [UNPUBLISHED]
*
*

_____

Submitted: May 24, 2005
Filed: May 31, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Michael J. Nunn appeals the sentence the district court[*] imposed after Nunn pleaded guilty to conspiring to distribute cocaine. In a written agreement, Nunn agreed to waive his right to appeal his conviction and sentence, unless (1) this court or the United States Supreme Court later found the substantive basis of Nunn's guilty plea and resulting conviction failed to state a crime upon which he could be convicted, or (2) an issue of law was brought to the district court's attention at

_____

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

sentencing and the court agreed further review was needed. The government has moved to dismiss the appeal based on Nunn's appeal waiver.

We conclude the waiver should be enforced. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver provision were entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 540 U.S. 997 (2003).

First, all of the issues appealed, including any issues under United States v. Booker, 125 S. Ct. 738 (2005), fall within the scope of the appeal waiver. The record reveals the district court did not agree appellate review was needed for any legal issue brought to the court's attention, and neither this court nor the Supreme Court has found the substantive basis of Nunn's guilty plea failed to state a crime. See United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005) (enforcing appeal waiver, even though defendant did not anticipate subsequent Supreme Court rulings, where defendant agreed to waive right to appeal "any sentence imposed" except "any issues solely involving a matter of law brought to the court's attention at the time of sentencing at which the court agrees further review is needed").

Second, Nunn knowingly and voluntarily waived his right to appeal. At the plea hearing, after Nunn indicated he "somewhat" understood the waiver provisions, the district court[**] provided a detailed explanation of the appeal waiver. In his response, Nunn affirmed he understood the appeal waiver, he had discussed it with counsel, and his decision to waive his appeal rights was voluntary. See Andis, 333 F.3d at 890-91 (one important way district court can ensure validity of plea agreement

---

[**]The Honorable Harold Vietor, United States District Judge for the Southern District of Iowa.

-2-

and waiver is to question defendant about the decision to enter that agreement and to waive the right to appeal).

Finally, enforcing the appeal waiver would not result in a miscarriage of justice because Nunn's 292-month prison sentence is within the relevant range set forth in 21 U.S.C. § 841(b)(1)(A) (10 years to life).  See United States v. Blue Coat, 340 F.3d 539, 542 (8th Cir. 2003) (miscarriage-of-justice exception is very narrow exception to general rule that waivers of appellate rights are enforceable); Andis, 333 F.3d at 892 (illegal-sentence exception to general enforceability of appeal waiver is extremely narrow exception; any sentence imposed within statutory range is not subject to appeal).

Thus, we grant the government's motion and dismiss the appeal.

_____