# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3865

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Hilda Cervantes, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 21, 2005
Filed: August 24, 2005

_____

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Hilda Cervantes pleaded guilty to one misdemeanor count of making a false statement with intent to defraud the United States Department of Housing and Urban Development (HUD). See 18 U.S.C. § 1012 (2000). The District Court[1] ordered

_____

[1]The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota. See 28 U.S.C. § 636(a)(5) (2000) (authorizing United States magistrate judges, with the consent of the parties, to sentence offenders who have committed class A misdemeanors). The offense to which Cervantes pleaded guilty is a class A misdemeanor. See 18 U.S.C. §§ 1012, 3559(a)(6) (2000). Though the consent of the parties does not expressly appear in the record on appeal, § 636(a)(5) does not require the consent to be in writing. The docket entries show that the case

Cervantes to pay more than $20,000 in restitution to HUD, sentenced her to five years of probation, and imposed a condition of probation requiring her submission to mandatory drug testing. Cervantes appeals the imposition of mandatory drug testing as a condition of her probation. Because Cervantes's appeal is barred by the language of the appeal waiver contained in her plea agreement, her appeal is dismissed.

The facts of this case are remarkably similar to United States v. Andis, in which we held that a defendant whose plea agreement contained a valid appeal waiver could not appeal his conditions of supervised release. 333 F.3d 886, 888 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). In Andis, we determined that a waiver of appeal is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice. Id. at 889–90. Cervantes's appellate brief does not address the appeal waiver contained in her plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that her appeal waiver must be enforced.

Cervantes's plea agreement states that she waived "any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement." Plea Agreement at

---

was assigned to Judge Noel ab initio, all the proceedings were conducted by him, and no objection ever was made, either in the District Court or on appeal, to his role as the sentencing judge. We find no reason for doubting that the consent of the parties was given, either expressly or by clear implication, to his serving as the sentencing judge. We urge counsel in future cases to assist the Court by affirmatively pointing out in their appellate briefs whether or not the requisite consent was in fact given where a magistrate judge performs the sentencing function under 28 U.S.C. § 636(a)(5) (2000), and by including in the record on appeal the material that shows such consent. Because the question of consent vel non is jurisdictional, and we have an independent duty to make sure we have jurisdiction, litigants and magistrate judges should not brush over the matter lightly.

8, ¶ 7(a). The plea agreement specifies that if Cervantes is not in custody, she "shall comply with *all terms and conditions* of her release." Id. at 4, ¶ 2(k) (emphasis added). The plea agreement also recognizes that conditions of probation might be imposed at sentencing. Id. at 12. Thus, the conditions of probation imposed at sentencing are consistent with the terms of Cervantes's plea agreement and, consequently, fall within the scope of her appeal waiver.

Further, Cervantes's plea agreement states that her guilty plea was "voluntary" and not coerced. Id. The agreement also states that Cervantes discussed the case and her rights with her attorney and that she was advised of the nature and range of her possible sentence. Id. at 11. The District Court confirmed that Cervantes had reviewed the provisions of the plea agreement with her attorney, Change of Plea Hr'g Tr. at 16, 19, and the court confirmed Cervantes's intent to waive any appeal of her sentence, id. at 24–25; see also Sent. Tr. at 12. The appeal waiver in her plea agreement was therefore knowing and voluntary.

Cervantes argues that the condition of probation requiring her submission to mandatory drug testing is a greater deprivation of her liberty than is reasonably necessary because the condition is unrelated to her offense or personal history. Even construing this as a challenge to her appeal waiver—i.e., that as a result of the enforcement of her appeal waiver, the imposition of the probation condition will constitute a miscarriage of justice—her argument is foreclosed by Andis. The appellant in Andis claimed that the conditions of his supervised release constituted an "illegal sentence," 333 F.3d at 893, because those conditions were imposed without regard to the specific characteristics of his crime. Andis argued that the imposition of the allegedly illegal sentence would result in a miscarriage of justice, thereby rendering his appeal waiver unenforceable. We rejected Andis's illegal-sentence argument because his conditions of supervised release were authorized by statute and were not based on a constitutionally impermissible factor. Id. at 893–94.

Consequently, we held that the enforcement of Andis's appeal waiver would not result in a miscarriage of justice.

There is little reason to distinguish between the supervised-release conditions at issue in Andis and the probation condition at issue here, except to note that periodic drug testing is a *mandatory* condition of probation, see 18 U.S.C. § 3563(a)(5) (2000); U.S. Sentencing Guidelines Manual § 5B1.3(a)(5) (2003); see also United States v. Cooper, 171 F.3d 582, 587 (8th Cir. 1999) (citing 18 U.S.C. § 3563 (a)(5)). There is no allegation that the conditions of Cervantes's probation are based on a constitutionally impermissible factor. In summary, Cervantes's appeal is within the scope of her appeal waiver, her waiver was knowing and voluntary, and the enforcement of that waiver will result in no miscarriage of justice. We therefore enforce the waiver of appeal contained in Cervantes's plea agreement.

Further, were we to consider Cervantes's appeal, we would reject her argument on its merits. Absent her appeal waiver, we would review the imposition of the probation condition for abuse of discretion. See Andis, 333 F.3d at 893. Cervantes argues that requiring periodic drug testing deprives her of more liberty than is reasonably necessary because it is unrelated to her offense or personal history. But only those conditions of probation labeled by statute as "Discretionary" must be tailored to ensure they deprive no more liberty than reasonably necessary. 18 U.S.C. § 3563(b) (2000).[2] Again, periodic drug testing is a "Mandatory" condition of probation, id. § 3563(a); U.S. Sentencing Guidelines Manual § 5B1.3(a)(5) (2003),

---

[2]One must keep in mind the "threefold imperative" of statutory interpretation taught by Justice Felix Frankfurter as a professor at Harvard Law School before he took the bench: "(1) Read the statute; (2) read the statute; (3) read the statute!" In re England, 375 F.3d 1169, 1182 (D.C. Cir. 2004) (quoting Henry J. Friendly, Benchmarks 202 (1967)), cert. denied, 125 S. Ct. 1343 (2005).

to which the aforementioned statutory constraint does not apply.[3]  And although the court had *discretion* to ameliorate or suspend the mandatory drug-testing condition if Cervantes posed a low risk of future substance abuse, 18 U.S.C. § 3563(a); U.S. Sentencing Guidelines Manual § 5B1.3(a)(5), the court did not abuse its discretion by declining to do so.

Cervantes did not dispute the facts contained in the Presentence Investigation Report (PSR), and therefore she is deemed to have admitted those facts for purposes of sentencing.  United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005) (citing Fed. R. Crim. P. 32(i)(3)).  The PSR stated that Cervantes "began using methamphetamine recreationally in 1999," that "[h]er use of methamphetamine increased to ½ gram twice per week," and that such use continued "until February 2003."  PSR at 6, ¶ 36.  Even though Cervantes stopped using methamphetamine a year prior to sentencing, see id., and tested negative for drugs during pretrial release, she has a relatively recent history of substance abuse.  Moreover, the District Court found that Cervantes had no assets and only limited income.  Change of Plea H'rg at 6–8.  Given Cervantes's history of substance abuse and her limited means, drug testing is appropriate and related to ensuring she will make full restitution to HUD,

_____

[3]The cases on which Cervantes relies are distinguishable because they concern *discretionary* conditions of supervised release that are indeed subject to the statutory constraint that Cervantes seeks to impose on her mandatory condition of probation. See, e.g., United States v. Scott, 270 F.3d 632, 634–35 (8th Cir. 2001) (discretionary conditions for sex offenders); United States v. Kent, 209 F.3d 1073, 1074 (8th Cir. 2000) (discretionary conditions imposing psychological/psychiatric counseling); United States v. Bass, 121 F.3d 1218, 1223 (8th Cir. 1997) (discretionary conditions restricting possession or use of alcohol, authorizing tests for alcohol in body fluids, and authorizing warrantless search and seizure of alcohol in residence and vehicles). We also note that the court's judgment form for Cervantes, which lists drug testing as one of six "Special Conditions of Probation," Judgment at 3 (citing 18 U.S.C. § 3563(a)), rather than as a "Standard" condition, id. at 2, does not alter the statutorily mandated nature of the probation condition.

which the District Court indicated was an important goal of her five-year term of probation. <u>See</u> Sent. Tr. at 6–11. It was not an abuse of the District Court's discretion to leave the mandatory drug-testing condition in place.

To sum up, if Cervantes had not waived her right to appeal her sentence, her appeal would be meritless and the sentence would be affirmed. But because Cervantes waived the right to appeal her sentence, her appeal is dismissed.

_____