# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2348

_____

United States of America,      *
     *
      Appellee,      *
     *    Appeal From the United States
    v.      *    District Court for the
     *    District of Nebraska.
Jorge A. Aronja-Inda,      *
     *
      Appellant.     

_____

Submitted: March 16, 2005
Filed: September 6, 2005

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

HEANEY, Circuit Judge.

Pursuant to a plea agreement, Jorge A. Arjona-Inda[1] pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base (crack), 500 grams or

_____

[1] At the change of plea hearing, Arjona-Inda informed the court that his name as docketed was misspelled. Despite this and the fact that he has consistently signed his name as "Jorge A. Arjona Inda" in court documents, no changes were made in the district court caption.

more of cocaine, and 500 grams or more of methamphetamine.[2] The district court[3] sentenced him to 324 months of imprisonment, to be followed by five years of supervised release. On appeal, Arjona-Inda contends the district court erred in not granting him a guidelines adjustment for acceptance of responsibility, and violated his Sixth Amendment rights by sentencing him on the basis of facts not proven to a jury beyond a reasonable doubt. Because Arjona-Inda waived his right to pursue these sentencing challenges in his plea agreement, we dismiss the appeal.

## BACKGROUND

Arjona-Inda was charged by indictment with involvement in a conspiracy to distribute large quantities of crack, cocaine, and methamphetamine from roughly June 1, 2002 through April 21, 2003. Rather than take the matter to trial, Arjona-Inda entered into a plea agreement, through which the government agreed to dismiss one count charging Arjona-Inda with distribution of methamphetamine in exchange for his guilty plea to the conspiracy charge. The agreement contained a number of other provisions, including the following language:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction in this case, including a waiver of all motions, defenses, and objections which defendant could assert to the charges or to the Court's entry of Judgment against defendant, *including a review pursuant to 18 U.S.C. § 3742 of any sentence imposed and any and all issues inhering therein,* except for the following:
>
> a. The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the substantive basis of

---

[2]21 U.S.C. §§ 841(a)(1), 841(b)(1), 846.

[3]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

defendant's plea of guilty and resulting conviction fails to state a crime upon which defendant could be convicted.

b. Any issue involving a matter of law brought to the Court's attention at the time of sentencing in which the Court agrees further review is needed.

(Plea Agreement at ¶ 5 (emphasis added).) Arjona-Inda signed the agreement July 30, 2003.

On August 6, 2003, the court held a change of plea hearing. At that hearing, the presiding magistrate[4] questioned Arjona-Inda about his plea agreement and the waiver of appellate rights contained therein. The magistrate first asked Arjona-Inda if he understood that as part of his plea agreement he "waived or gave up [his] right to appeal," to which Arjona-Inda responded yes. (Change of Plea Hr'g Tr. at 11-12.) The magistrate then reiterated, "I want to make it clear to you that as part of your plea agreement that you waive and give up your right to appeal your conviction and sentence to the court of appeals. Do you understand that?" (Id. at 12.) Again, Arjona-Inda replied yes.

Despite his guilty plea on August 6, 2003, Arjona-Inda wrote a letter to the court dated August 7, 2003, disputing much of the government's case against him. He also challenged the presentence report's calculation of drug quantity, as well as its suggested guidelines adjustments. At a sentencing hearing held December 1, 2003, the government presented the testimony of a number of witnesses, including two who had bought drugs directly from Arjona-Inda. They testified to purchasing what amounted to be several pounds of powder cocaine from Arjona-Inda or from his associate, "Chewy." The witnesses testified that Arjona-Inda knew that the powder

---

[4]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

cocaine was going to be "rocked up" into crack by the purchasers. Testimony from these witnesses and others also established that Arjona-Inda sold a total of about a pound and a half of high-grade methamphetamine, known as "crystal meth" or "ice," to others, including an undercover officer. During one meeting with purchasers, Arjona-Inda displayed a Tec-9 pistol while talking about the purchasers' drug debts. Arjona-Inda testified at the sentencing hearing. He admitted being involved with one transaction involving a kilogram of cocaine and one involving a pound of methamphetamine, but no others. He further denied ever having a weapon during drug transactions.

The district court accepted the testimony of the government's witnesses. It charged Arjona-Inda with responsibility for roughly 638 grams of methamphetamine and 2.5 kilograms of crack.[5] With an enhancement due to the presence of a dangerous weapon and no downward adjustment for acceptance of responsibility, Arjona-Inda had a guideline range of 324-405 months. The district court imposed a sentence of 324 months. This appeal followed.

## ANALYSIS

The "general rule" is that "a defendant is allowed to waive appellate rights," including those involving the sentence imposed. United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc).

> When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when

---

[5]Although the cocaine was sold as powder, the district court converted it to crack for the purposes of determining drug quantity because it was reasonably foreseeable to Arjona-Inda that the cocaine was going to be converted to crack.

> these conditions are met, however, we will not enforce a waiver
> where to do so would result in a miscarriage of justice.

Id. at 889-90.  Thus, in order to establish that the defendant's appeal is barred by his waiver, the government must establish:  (1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice.  Id.; see also United States v. Blue Coat, 340 F.3d 539, 541-42 (8th Cir. 2003) (interpreting Andis).

The burden of proof is on the government to show that the scope of a defendant's waiver of appellate rights "clearly and unambiguously" includes the issues asserted on appeal.  Andis, 333 F.3d at 890.  "Plea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights."  Id.

As is evident from the language of the plea agreement, the document contained a comprehensive waiver of appellate rights, particularly with regard to sentencing, with only two exceptions.  The first exception deals with circumstances where a higher court finds that the substantive crime of conviction is not criminal, or the factual basis for that conviction fails to state a crime.  That is not the situation for this controlled substance offense.  The second exception requires the issue to be one of law, and conditions the exception on the district court's acknowledgment that it needs guidance on the issue.  Nothing in the record shows the district court had concerns about either the acceptance of responsibility reduction or the Sixth Amendment issue Arjona-Inda pursues here.  Thus, the government has established that the appellate issues presented here are within the scope of Arjona-Inda's appeal waiver.  See United States v. Fogg, 409 F.3d 1022, 1025-26 (8th Cir. 2005) (finding that a plea agreement containing an appeal waiver with limited exceptions did not reserve for

appeal claims of error related to guidelines adjustments and the Sixth Amendment when those matters were not among the enumerated exceptions).

"A defendant must enter into a plea agreement and waiver knowingly and voluntarily for these agreements to be valid." Andis, 333 F.3d at 890. We are satisfied that Arjona-Inda's waiver was knowing and voluntary. First, it is a part of his written plea agreement, which we presume he read before signing. Moreover, the magistrate extensively questioned Arjona-Inda about this issue at his change of plea hearing, probing whether Arjona-Inda understood the effect of his decision to waive appellate rights. See Andis, 333 F.3d at 890-91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). Based on Arjona-Inda's signing of the plea agreement, our review of the change-of-plea colloquy, and no contrary suggestion by Arjona-Inda, we conclude that Arjona-Inda's waiver of appellate rights was knowing and voluntary. See Blue Coat, 340 F.3d at 541 (giving weight to the fact that "Blue Coat has not argued that he entered into the waiver unknowingly or involuntarily").

Andis reaffirmed the long-standing rule of this circuit that "we will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Andis, 333 F.3d at 891. In United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005), a panel of this court reviewed a waiver similar to the one which Arjona-Inda signed. The Killgo court refused to consider a defendant's appellate argument that his sentence violated the Sixth Amendment as interpreted by the Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), and thus implicitly found no miscarriage of justice would result from enforcing the waiver. Killgo, 397 F.3d at 629 n.2. Subsequent decisions have followed with similar results. See United States v. Young, 2005 WL 1558486, at *2 (8th Cir. July 5, 2005) (finding no miscarriage of justice in enforcing

a defendant's appellate waiver to preclude his <u>Booker</u> claim); <u>United States v. Reeves</u>, 2005 WL 1366432 (8th Cir. June 10, 2005) (same); <u>Fogg</u>, 409 F.3d at 1025-26 (same). Similarly, our court en banc has explicitly held that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver." <u>Andis</u>, 333 F.3d at 892. We have no occasion to overturn those decisions here.

## CONCLUSION

Arjona-Inda challenges his sentence on appeal, but does so on grounds that were within the scope of a valid waiver of appellate rights. Accordingly, we dismiss the appeal.

_____