# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2730

_____

United States of America,

        Appellee,

v.

Daniel Fronczak, Jr.,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Southern
\*   District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  March 12, 2008
Filed:  May 30, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

With a plea agreement, Daniel Fronczak, Jr., pled guilty to attempted production of child pornography, 18 U.S.C. § 2251(a).  The district court[1] sentenced him to 340 months' imprisonment.  Fronczak appeals, asserting sentencing errors.  Because he waived his right to appeal these issues, the appeal is dismissed.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Fronczak signed the plea agreement, which states, "The defendant acknowledges voluntarily entering into this plea agreement . . . ." One section, "Limited Waiver of Right to Appeal," says:

> The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant hereby knowingly and expressly waives any and all rights to appeal the convictions in this case, including a waiver of all motions, defenses and objections which he could assert to the charges or to the Court's entry of Judgement [sic] against him, and any and all issues inhering therein, including review pursuant to Title 18, United States Code, Section 3742, of any sentence imposed, except for the following:
>
> > a. The right to timely challenge the defendant's conviction and sentence should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the substantive basis of the defendant's plea of guilty and resulting conviction fails [sic] to state a crime upon which the defendant could be convicted.
> >
> > b. Any issue solely involving a matter of law brought to the District Court's attention at the time of sentencing concerning which the Court agrees further review is needed.

Fronczak also signed a "Statement by Defendant in Advance of Plea of Guilty," which states, "My decision to enter this plea was made after full and careful thought, with the advice of my attorney, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea," and "My attorney has explained my right to appeal my conviction and sentence, the government's right to appeal my sentence under 18 U.S.C. § 3742, and the waiver of appellate rights that is included in my plea agreement."

The district court conducted a change-of-plea hearing on November 30, 2006. After advising Fronczak of his rights and questioning him under oath, the court accepted the plea, finding he was competent and acting voluntarily. On July 3, 2007, the court sentenced Fronczak to 340 months' imprisonment. Fronczak argues that the court erred in applying an enhancement for obstruction of justice, failing to grant a reduction for acceptance of responsibility, and failing to provide a reasoned explanation for its sentence.

This court reviews de novo the interpretation and enforcement of a plea agreement. *United States v. Egenberger*, 424 F.3d 803, 804 (8th Cir. 2005). "The 'general rule' is that 'a defendant is allowed to waive appellate rights,' including those involving the sentence imposed." *United States v. Aronja-Inda*, 422 F.3d 734, 737 (8th Cir. 2005), *quoting United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). "[I]n order to establish that the defendant's appeal is barred by his waiver, the government must establish: (1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *Id.*, *citing Andis*, 333 F.3d at 889.

First, the government must show "that a plea agreement clearly and unambiguously waives a defendant's right to appeal." *Andis*, 333 F.3d at 890. "Plea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* Here, there is no ambiguity. The plea agreement specifically waived Fronczak's appellate rights, including review of any sentence imposed, subject to two limited exceptions. The first exception is where a higher court determines that either "the substantive crime of conviction is not criminal, or the factual basis for that conviction fails to state a crime." *Aronja-Inda*, 422 F.3d at 737 (interpreting an identical appellate waiver provision). This exception does not apply here. The second exception is where the district court acknowledges that guidance is needed on an issue solely of law. *See id.*

The district court made no such acknowledgment here. The government has established that the sentencing issues raised in this appeal are within the scope of the waiver.

Second, the government must show that the waiver was knowing and voluntary. *Andis*, 333 F.3d at 890. This requirement applies to each term of the agreement. *Id.* Here, the waiver of appellate rights was part of a written plea agreement Fronczak signed. *See United States v. McIntosh*, 492 F.3d 956, 960 (8th Cir. 2007) (emphasizing that the waiver was included in a signed plea agreement, when determining whether the waiver was knowing and voluntary). The agreement specifically stated that Fronczak was acting voluntarily. In a companion document, Fronczak stated that his attorney had explained his appellate rights, and that he understood that the plea agreement waived those rights. The district court specifically informed and questioned Fronczak, finding that he acted voluntarily. *See Andis*, 333 F.3d at 890-91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). Finally, Fronczak does not argue he entered the agreement unknowingly or involuntarily. *See United States v. Blue Coat*, 340 F.3d 539, 541 (8th Cir. 2003) (giving weight to the fact that the defendant had not claimed the opposite when determining whether the waiver was knowing and voluntary). The government has established that Fronczak's waiver was knowing and voluntary.

This court "will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Andis*, 333 F.3d at 891. "[T]his exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Id.* The miscarriage-of-justice exception protects the right to appeal an illegal sentence, but "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Id.* at 891-92. Fronczak's arguments deal

-4-

exclusively with misapplication of the guidelines, or an abuse of discretion. Enforcing the appeal waiver will not result in a miscarriage of justice. *See **McIntosh***, 492 F.3d at 960.

The appeal is dismissed.

_____