# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2019

_____

United States of America,

        Appellee,

v.

Sagrario Valdez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: September 23, 2008
Filed: October 16, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Segrario Valdez pleaded guilty to conspiring to distribute methamphetamine, the district court[1] sentenced her to 199 months' imprisonment, three years below the recommended guideline range. Ms. Valdez appeals her sentence, contending that the court erred in determining drug quantity and her role in the offense and imposed an unreasonable sentence. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Ms. Valdez asserts that the district court plainly erred in determining that she was responsible for 22.68 kilograms of methamphetamine when calculating her guideline sentence. In her brief, Ms. Valdez acknowledges that she was part of a drug conspiracy that lasted almost three years. According to the presentence report's description of numerous drug transactions, the conspirators transported significant quantities of methamphetamine from California to Iowa, where the drugs were then distributed. The PSR further stated that an informant had reported that "over 50 pounds" (22.68 kilograms) of methamphetamine was distributed in Iowa on behalf of the conspiracy, and the PSR concluded that "material contained in the Government's discovery files supports the attribution" of 22.68 kilograms of methamphetamine.

A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *see United States v. Cervantes*, 420 F.3d 792, 796 (8th Cir. 2005). Ms. Valdez did not object to any of the offense conduct detailed in the PSR. During sentencing, moreover, her attorney told the court that he had "had a chance to go over the PSR" with Ms. Valdez and that he was not asking for any modification to the PSR's description of the offense conduct. Later in the proceedings, counsel agreed with the court's guideline-range calculation (235 to 293 months), which was based on 22.68 kilograms of methamphetamine. Before imposing sentence, the district court offered Ms. Valdez an opportunity to speak, but she declined to do so. Ms. Valdez points to an admission in her plea agreement that she was responsible for "at least 173.24 grams of methamphetamine." But by its terms this admission adverts to a minimum amount only, and when the PSR later stated that she was responsible for more methamphetamine, she did not object. We therefore detect no error, plain or otherwise, in the district court's determination that Ms. Valdez was responsible for 22.68 kilograms of methamphetamine, the undisputed amount set out in the PSR. *See* Fed. R. Crim. P. 32(i)(3)(A).

Ms. Valdez also maintains that the district court erred in increasing her offense level by three for her role in the offense. *See* U.S.S.G. § 3B1.1. The PSR stated that Ms. Valdez "oversaw the business end" of the "methamphetamine distribution business" and was "the most culpable" of the conspirators, and it recommended that her offense level be increased by four levels, which is appropriate for an organizer or leader of an "extensive" criminal activity. *See id.* Before sentencing, Ms. Valdez objected to the PSR's characterization of her role, arguing that it was based on statements from co-conspirators who were trying to minimize their own culpability. During sentencing, Ms. Valdez's attorney and counsel for the government announced that they had agreed to an increase of three levels, rather than four, for Ms. Valdez's role in the offense, and the court calculated her guideline range accordingly. We therefore conclude that the issue has been waived.

We see no merit to Ms. Valdez's contention that the district court imposed an unreasonable sentence because it did not give weight to her "familial characteristics," particularly her "status as the mother of four children" and her "personal relationship" with co-conspirator Jose Amparano-Gonzales (the father of one of her children), when assessing Ms. Valdez's "history and characteristics" under 18 U.S.C. § 3553(a).

We note that Ms. Valdez, in the course of raising the issues that we have addressed, asserts in her brief that she did not see the PSR before her sentencing hearing, that she did not enter into an agreement regarding her role in the offense, and that she did not agree to a sentencing guideline range "like her lawyer did." For present purposes, Ms. Valdez is bound by her attorney's acts and representations. *See New York v. Hill*, 528 U.S. 110, 114-15 (2000); *see also Loggins v. Frey*, 786 F.2d 364, 368 (8th Cir. 1986), *cert. denied*, 479 U.S. 842 (1986). Insofar as she is challenging the adequacy of her legal representation at sentencing, such matters should be raised, if at all, in a post-conviction motion under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003).

Affirmed.

_____