# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 08-3032

_____

United States of America,

    Appellee,

v.

James Ray Starling,

    Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: April 14, 2009
Filed: April 27, 2009

_____

Before WOLLMAN, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a plea agreement, James Ray Starling pled guilty to employing, using, persuading, inducing, or coercing a minor female to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a). Starling's plea agreement contained the following provision:

## 15. Waiver of Appellate and Post-Conviction Rights.

. . . .

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

At Starling's change of plea hearing, the magistrate judge[1] ensured that Starling understood his right to appeal and that he was knowingly and voluntarily waiving this right as a part of the plea agreement. After reviewing the proceedings before the magistrate judge de novo, the district court[2] accepted Starling's plea of guilty.

At sentencing, the district court reviewed the recommended advisory sentencing guidelines range calculation in Starling's Presentence Investigation Report ("PSR"). The PSR recommended a base offense level of 32 under § 2G2.1(a), a two-level increase under § 2G2.1(b)(1)(B) (the victim was under sixteen years of age), a two-level increase under § 2G2.1(b)(2)(A) (the offense involved "the commission of a sexual act or sexual contact"), a two-level increase under § 2G2.1(b)(5) (the victim was in the defendant's "custody, care, or supervisory control"), a two-level increase under § 3A1.1(b)(1) (the victim was a "vulnerable victim"), and a three-level decrease under § 3E1.1(a)-(b) (the defendant clearly demonstrated acceptance of responsibility and assisted authorities in the prosecution of his own misconduct). Starling's total offense level of 37, combined with his criminal history category of IV and the statutory maximum sentence of 360 months, resulted in an advisory guidelines range of 292 to

---

[1]The Honorable James C. England, Chief Magistrate Judge, United States District Court for the Western District of Missouri.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

360 months. Starling objected to the guideline enhancements under §§ 2G2.1(b)(2)(A), 2G2.1(b)(5) and 3A1.1(b)(1). The district court overruled Starling's objections, adopted the PSR's advisory guidelines range, and sentenced Starling to 360 months' imprisonment.

Starling appeals his sentence, asserting three procedural errors. First, he argues that the district court's application of § 2G2.1(b)(2)(A) amounts to unlawful double counting because 18 U.S.C. § 2251(a) already includes "sexual contact" as an element. Second, he argues that the district court should not have applied a two-level increase under § 3A1.1(b)(1) because the victim was not vulnerable. Third, he argues that the district court should not have applied a two-level increase under § 2G2.1(b)(5) because the victim was not under his care, custody or control. After Starling filed his opening brief, the Government filed a responsive brief addressing the merits of the three alleged procedural errors and then filed a motion to dismiss Starling's appeal because the alleged errors fell within the scope of his plea agreement's appeal waiver. Starling responded to the motion to dismiss by asserting that his alleged errors constituted an illegal sentence, thereby falling outside the scope of the waiver, and that his waiver was not knowing and voluntary.

After reviewing the proceedings before the magistrate judge and the district court and the three sentencing errors alleged by Starling in this appeal, we conclude the Government has established "(1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *See United States v. Aronja-Inda*, 422 F.3d 734, 737 (8th Cir. 2005). None of the procedural errors alleged by Starling constitute "sentencing error more serious than a misapplication of the Sentencing Guidelines." The proceedings before the magistrate judge show that Starling knowingly and voluntarily waived his right to appeal. Finally, Starling has not asserted, and we have not independently

identified, any way in which enforcing the waiver would result in a miscarriage of justice.  Accordingly, we grant the Government's motion to dismiss Starling's appeal.

_____