# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2772

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Susan K. Krough, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 15, 2009
Filed: May 29, 2009

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Susan K. Krough pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. The district court[1] sentenced Krough to three years' probation. As a special condition of Krough's probation, the district court ordered that Krough "not be employed in any capacity related to the mortgage industry or in any vocation in which she would act in a fiduciary capacity during her term of probation." Krough appeals the district court's imposition of that condition.

---

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

The Government argues that Krough's plea agreement contained an appeal waiver barring this appeal. That waiver, in relevant part, states:

> The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

"Issues concerning the interpretation and enforcement of a plea agreement are issues of law, which we review de novo." United States v. Amezcua, 276 F.3d 445, 447 (8th Cir. 2002) (quotation omitted). As we stated in United States v. Snelson, 555 F.3d 681 (8th Cir. 2009):

> When we review an appeal waiver, we must make two determinations: that the issue falls within the scope of the waiver and that both the plea agreement and the waiver were entered into knowingly and voluntarily. Even if both of these determinations are decided in the affirmative, we will not enforce a plea agreement waiver if enforcement would cause a miscarriage of justice. The government bears the burden of establishing (1) that the appeal is clearly and unambiguously within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice.

Snelson, 555 F.3d at 685 (internal quotations, citations, and alterations omitted). Here, the Government meets its burden as to each of these requirements.

First, the Government correctly argues that Krough's appeal is clearly and unambiguously within the scope of the appeal waiver. By its terms, the waiver only allows Krough to appeal "a sentence imposed in excess of the statutory maximum or an illegal sentence." The waiver defines an "illegal sentence" as a sentence involving a "sentencing error *more serious than* a misapplication of the Sentencing Guidelines,

an abuse of discretion, or the imposition of an unreasonable sentence." (emphasis added).

Krough's sentence of three years' probation undisputedly did not exceed the statutory maximum sentence for her crime, which the parties agree is five years' imprisonment. Krough's appeal also does not allege a sentencing error more serious than an abuse of discretion. Rather, it specifically asks us to hold that the district court abused its discretion by imposing the occupational restriction at issue. See United States v. Cervantes, 420 F.3d 792, 795 (8th Cir. 2005) ("Absent her appeal waiver, we would review the imposition of the probation condition for abuse of discretion."); see 18 U.S.C. § 3563(b)(5) (stating that district courts "may" impose occupational restrictions as conditions of probation "to the extent that such conditions are reasonably related" to the statutory objectives of sentencing and "to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary" to fulfill those statutory objectives). Such an abuse-of-discretion-based claim clearly and unambiguously falls within the scope of the waiver.

Second, we agree with the Government's contention that Krough knowingly and voluntarily entered into the plea agreement and waived her right to this appeal. Krough makes no argument that she entered into the plea agreement unknowingly or involuntarily, and Krough's signed plea agreement "acknowledges that she . . . entered into [the] plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel." Additionally, the record shows that, pursuant to Federal Rule of Criminal Procedure 11, Krough pleaded guilty in open court after a magistrate judge reviewed the waiver with her and verified that Krough had discussed her decision with counsel, and Krough made no objection to the magistrate judge's report and recommendation that the district court accept her guilty plea. We are thus satisfied that Krough's waiver was knowing and voluntary. See United States v. Aronja-Inda, 422 F.3d 734, 738 (8th Cir. 2005) ("Based on Arjona-Inda's signing of the plea agreement, our review of the change-of-plea colloquy, and no contrary

suggestion by Arjona-Inda, we conclude that Arjona-Inda's waiver of appellate rights was knowing and voluntary."); Cervantes, 420 F.3d at 794 (holding that a defendant's appeal waiver was knowing and voluntary where the defendant's plea agreement expressly stated that her plea "was 'voluntary' and not coerced," the defendant's plea agreement expressly stated that counsel advised her, and the district court confirmed at the plea hearing that the defendant wished to waive her rights and had conferred with counsel).

Finally, we agree with the Government that enforcing the appeal waiver in this case will not result in a miscarriage of justice. While Krough argues that her sentence is illegal, see United States v. Blue Coat, 340 F.3d 539, 542 (8th Cir. 2003) ("[T]he miscarriage of justice exception allows this court to hear appeals of illegal sentences . . . ."), she makes no claim that the district court based its sentence on a constitutionally impermissible factor. Thus, we may not review her claim. See United States v. Andis, 333 F.3d 886, 894 (2003) (en banc) (holding that an appeal waiver bars this court's review of supervised-release conditions under the miscarriage of justice exception when defendants do not claim "that the supervised release conditions constitute[] a miscarriage of justice because they were based on some constitutionally impermissible factor"); see also Cervantes, 420 F.3d at 795 (applying Andis to a claim involving a probation condition); Blue Coat, 340 F.3d at 542 ("Although the miscarriage of justice exception allows this court to hear appeals of illegal sentences, even where an otherwise valid waiver exists, the conditions of supervised release imposed by a district court do not fall within this narrow exception, unless the conditions were based on some other constitutionally impermissible factor . . . ." (quotation omitted)).

For the foregoing reasons, we hold that Krough's appeal waiver bars her appeal. Accordingly, we affirm her sentence.

_____