# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2729

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Jonathon Tessmer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 18, 2010
Filed: April 22, 2010

_____

Before RILEY,[1] Chief Judge, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Jonathon Tessmer pleaded guilty to committing a bank robbery, the district court[2] sentenced him to 72 months in prison and three years of supervised release. On appeal, Tessmer's counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the propriety of two special conditions of supervised release.

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Tessmer pleaded guilty pursuant to a written plea agreement that contained a waiver of his right to appeal all sentencing issues. We will enforce the appeal waiver in this case. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Tessmer's argument on appeal falls within the scope of the appeal waiver, and the record shows the requisite knowledge and voluntariness. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver). Further, enforcing the appeal waiver would not constitute a miscarriage of justice, because there is no indication that the contested release conditions were linked to any unconstitutionally impermissible factor. See United States v. Blue Coat, 340 F.3d 539, 542 (8th Cir. 2003) (supervised release conditions do not fall within miscarriage-of-justice exception unless based on constitutionally impermissible factor).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____