# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2625

_____

United States of America

*Plaintiff - Appellee*

v.

Tell Logan Cadotte

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: November 17, 2025
Filed: February 12, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tell Cadotte pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Cadotte's plea agreement contained an appeal waiver. The district court[1] sentenced Cadotte to 240 months' imprisonment, followed by 5

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

years of supervised release. Cadotte now appeals, arguing that the appeal waiver is unenforceable and that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we enforce the appeal waiver and dismiss the appeal.

We review issues related to plea agreements de novo. United States v. Lovelace, 565 F.3d 1080, 1084 (8th Cir. 2009). "[V]alid waivers of appellate rights are generally enforceable." United States v. Blue Coat, 340 F.3d 539, 541 (8th Cir. 2003). "An appeal waiver requires dismissal of an appeal if [1] the plea agreement and waiver were entered into knowingly and voluntarily, [2] if the appeal falls within the scope of the waiver, and [3] if dismissal of the appeal would not result in a miscarriage of justice." United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (citing United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). Cadotte concedes that his sentence falls within the scope of the waiver, so the only relevant inquiries are whether he knowingly and voluntarily signed the plea agreement and whether enforcing the appeal waiver would lead to a miscarriage of justice.

First, Cadotte voluntarily and knowingly entered into the plea agreement. While Cadotte now contends that he was not sufficiently informed of the agreement's terms, his testimony at the change-of-plea hearing expressly contradicts this argument. At the change-of-plea hearing, Cadotte testified that he had read and understood the terms of the agreement; that he had discussed it with his counsel; that he had some college-level education and was not undergoing treatment for any mental illness; and that he was not under duress or under the influence of drugs or alcohol. Cadotte also confirmed that he knew what crime he was pleading guilty to, that this crime carried a maximum penalty of 240 months' imprisonment, and that he was waiving his right to appeal on any issue within the scope of the appeal waiver. Thus, we conclude that Cadotte knowingly and voluntarily entered into the agreement. See, e.g., United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (concluding that the defendant knowingly and voluntarily entered into a plea agreement when he confirmed that he had read the agreement and discussed it with

his attorney, was not under the influence of alcohol or drugs, and was not being coerced).

Enforcing the waiver would also not lead to a miscarriage of justice. While we may find a miscarriage of justice in certain atypical circumstances, such as when the sentence exceeds the statutory maximum, "this exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." Andis, 333 F.3d at 891. Furthermore, "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." Id. at 892. Cadotte offers no viable reason for why the miscarriage of justice exception applies, as his only argument is that the district court abused its discretion by imposing a substantively unreasonable sentence. See id.; United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) ("[A]pplying the appeal waiver to dismiss [the defendant's] appeal of the substantive reasonableness of his sentence would not result in a miscarriage of justice."). Thus, "[Cadotte's] allegation . . . is not subject to appeal." Andis, 333 F.3d at 892.

Accordingly, because the appeal waiver is enforceable, we dismiss the appeal.
_____