# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3493

_____

| | | |
|---|---|---|
| Ronnie Blade, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | Western District of Missouri. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: February 7, 2008
Filed: February 26, 2008

_____

Before MURPHY, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal inmate Ronnie Blade (Blade) has moved in this court for leave to file a petition for a Certificate of Appealability (COA). For the following reasons, we construe Blade's pleading as a petition for a writ of mandamus, and we grant mandamus relief.

Blade is currently serving five life sentences after a jury found him guilty of five crack cocaine charges. This court affirmed his conviction and sentences. See United States v. Blade, 336 F.3d 754 (8th Cir. 2003).

While his direct appeal was pending, Blade filed a 28 U.S.C. § 2255 motion, which he sought to amend several times, and which was dismissed by the district court as being prematurely filed. This court summarily affirmed the dismissal but amended the dismissal to be without prejudice. See Blade v. United States, (No. 03-1050) (8th Cir. Jan. 24, 2003).

In June 2004, after this court issued its mandate in Blade's direct appeal, Blade filed a document titled "Movant's Pro Se . . . fourth amendment to his original section 2255 motion" where he set forth the history of his case and alleged, inter alia, ineffective assistance of counsel. The government argued for dismissal on the ground that Blade's motion was successive and he had not obtained permission from this court to file a successive motion. The district court summarily denied Blade's motion "for the reasons set forth in the Government's response." The court also denied Blade's motion for a COA, causing Blade to apply to this court for a COA and for authorization to file a successive habeas motion. This court issued an order in April 2005 granting a COA and concluding Blade's motion was not a successive motion. See Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) ("A claim raised in a prior petition that was dismissed as unripe is not barred by [28 U.S.C.] § 2244(b)."). We denied the application to file a successive motion as unnecessary and directed this court's clerk to forward Blade's filing to the district court to be treated as Blade's first section 2255 motion.

As Blade explains in the pleading he has now filed in this court, the pleading returned to the district court pursuant to our April 2005 order has never been docketed as a section 2255 motion in the district court. Further, Blade repeatedly filed various self-styled motions explaining this error to the district court and seeking to have his original section 2255 claims addressed, but the district court summarily denied each of Blade's motions. It is clear to us that the relief Blade seeks in this court is to have the district court comply with our April 2005 order--a type of relief best effected through a mandamus petition. See In re Sanford Fork & Tool Co., 160 U.S. 247, 255-

56 (1895) (explaining, if a district court mistakes or misconstrues a decree of this court, and does not give full effect to the mandate, a district court's action may be controlled, either upon a new appeal or by a writ of mandamus to execute the mandate of this court). We thus consider Blade's pleading as a petition for mandamus relief.

The writ of mandamus is an extraordinary remedy. See Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380 (2004). Traditionally, courts "have used the writ only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (internal citation omitted). We find under these circumstances Blade has shown a "clear and undisputable" right to the writ, no other adequate means of relief is available, and a writ is appropriate. See Cheney, 542 U.S. at 380-81 (describing three requirements for the issuance of a writ of mandamus); In re United States, 397 F.3d 274, 282 (5th Cir. 2005) (stating a mandamus is appropriate only when the "court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court"); Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) (declaring mandamus is the appropriate remedy when the district court ignores the appellate court's mandate).

We grant a writ of mandamus, directing the district court: (1) to instruct Blade to file, giving Blade a reasonable amount of time to do so, a single, new amended section 2255 motion, relating back to his June 2004 filing, setting forth the claims Blade believes entitle him to section 2255 relief, and (2) to address the merits of such claims. Blade's pending motions are denied.

_____