# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1573
_____

United States of America,

        Appellee,

v.

Katrina Elizabeth Griffin,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*
\*

_____

Submitted:  December 13, 2011
Filed:  February 9, 2012
_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Katrina Griffin appeals her conviction for conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956.  Because Griffin's written plea agreement contains a valid appeal waiver that forecloses this appeal, we dismiss the appeal.

I.

On September 27, 2004, Griffin and eleven co-defendants were indicted in the District of Arizona for conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956. Ultimately, the government successfully sought dismissal of the Arizona indictment in favor of charging the defendants in the Eastern District of Missouri for the same offenses.

Griffin was indicted in the Eastern District of Missouri on October 7, 2004. Several of her co-defendants filed pretrial motions, evidentiary hearings on which were held between December 15, 2004, and February 9, 2005. On January 29, 2007, a magistrate judge issued reports and recommendations regarding the pretrial motions. On July 18, 2007, the district court ordered the case dismissed without prejudice for violations of the Speedy Trial Act. Griffin appealed, arguing that the district court erred by not dismissing the case with prejudice. We dismissed her appeal for lack of jurisdiction because the district court's order dismissing the case without prejudice did not constitute a "final decision" within the meaning of 28 U.S.C. § 1291. See United States v. Bridges, 270 F. App'x 464 (8th Cir. 2008) (per curiam) (unpublished) (dismissing Bridges and Griffin's appeal).

On November 8, 2007, Griffin was reindicted in the Eastern District of Missouri for the same offenses as in the previously dismissed cases. Griffin filed a motion to dismiss, alleging a Speedy Trial Act violation. The district court[1] denied the motion with respect to both the 2004 and 2007 Eastern District of Missouri indictments.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Griffin reached a plea agreement with the government on July 9, 2008, and her change of plea hearing occurred on the same day. The plea agreement included a general waiver of appeal, which provided that the parties "waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pretrial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea." Plea Agreement at 3. The general appeal waiver further provided that the parties would waive any appellate rights concerning the sentence, as long as the district court applied the government's sentencing recommendations contained in the plea agreement and sentenced Griffin within the applicable United States Sentencing Guidelines (Guidelines) range. Plea Agreement at 3-4.

The plea agreement also contained a specific provision regarding the speedy trial issue:

> The defendant further agrees that this is <u>not</u> a conditional plea and that by pleading guilty she is waiving her right to a speedy trial and is withdrawing her previously filed motion to dismiss the instant indictment as violations of the Speedy Trial Act and Sixth Amendment. The defendant is thereby waiving any right to appeal any issues related to violation of the Speedy Trial Act in the instant cause and/or cause number 4:04CR572JCH(FRB).

Plea Agreement at 2.

Griffin acknowledged at her change of plea hearing that she understood the waiver of her appellate rights. The district court accepted her guilty plea and sentenced Griffin to 151 months' imprisonment, five years of supervised release, and a $200 special assessment. Griffin did not appeal, but she later filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, alleging that she had received ineffective assistance of counsel. Her claims included counsel's failure to

(1) file a notice of appeal, (2) object to false information in the plea agreement, and (3) advise Griffin of the nature and circumstances of the plea agreement. The district court agreed that counsel's failure to file a notice of appeal constituted ineffective assistance, and thus it granted Griffin's motion on that basis, while denying without prejudice the other ineffective assistance claims. The district court ordered that Griffin be resentenced, apparently to enable her to pursue the instant appeal. At resentencing, Griffin's term of imprisonment was reduced to 120 months. Griffin then filed a timely appeal based on alleged violations of the Speedy Trial Act and her constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution. The government argues for dismissal based on the terms of the appeal waiver.

## II.

"As a general rule, a defendant is allowed to waive appellate rights." United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." Id. at 889-90. "Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." Id. at 890. We previously have held that a guilty plea waives appeal of "the alleged denial of a speedy trial." United States v. Lee, 500 F.2d 586, 587 (8th Cir. 1974); see also Taylor v. United States, 204 F.3d 828, 829 (8th Cir. 2000) (per curiam) (holding that defendant waived right to raise any argument based on violation of the Speedy Trial Act when pleading guilty) (citing United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993)); Speed v. United States, 518 F.2d 75, 77 (8th Cir. 1975) (noting that "it is well settled that a plea of guilty waives any claim to denial of a speedy trial") (citation omitted).

We conclude that Griffin's plea agreement was knowingly and voluntarily entered into. Prior to concluding that Griffin knowingly and voluntarily entered into the plea agreement, the district court thoroughly questioned Griffin about her decision to enter into the agreement and waive her appellate rights. See Andis, 333 F.3d at 890-91 (noting that "[o]ne important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal.").

We also conclude that Griffin's appeal, which is based on the district court's ruling to dismiss the first Missouri indictment without prejudice upon concluding that Speedy Trial Act violations had occurred, falls within the scope of both her general and specific appeal waivers. No exception to the waivers applies, as the district court applied the government's sentencing recommendations and Griffin received a sentence within the applicable Guidelines range.

We further conclude that enforcing the appeal waiver would not result in a miscarriage of justice. "[T]his exception is a narrow one . . . ." Andis, 333 F.3d at 891. Although we have not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice, we have recognized that a waiver of appellate rights does not prohibit the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, and a claim asserting ineffective assistance of counsel. Id. Griffin was sentenced to less than the statutory maximum for violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 1956, and her sentence did not violate the terms of the plea agreement. To the extent that Griffin raises claims based on ineffective assistance of counsel, we see no reason to depart from "our usual rule requiring such claims to be raised in a subsequently filed 28 U.S.C. § 2255 proceeding where the record can be properly developed." United States v. Jennings, 662 F.3d 988, 991-92 (8th Cir. 2011) (citations omitted). Because the district court—when granting Griffin's § 2255 ineffective assistance claim concerning

-5-

counsel's failure to file a notice of appeal—dismissed without prejudice Griffin's remaining § 2255 ineffective assistance claims, Griffin has no pending § 2255 claim. Under the circumstances, requiring Griffin to raise her ineffective assistance of counsel claims by way of another § 2255 proceeding would not result in a miscarriage of justice. See Flores v. United States, No. 97-8080, 1997 WL 525596 (8th Cir. 1997) (per curiam) (unpublished) (holding that "a habeas petition which is filed after a prior petition has been dismissed without prejudice does not quality as 'second or successive' habeas application within the meaning of § 2255 and 2244(b)") (citing McWilliams v. Colorado, 121 F.3d 573 (10th Cir. 1997)); see also Blade v. United States, 266 F. App'x 499 (8th Cir. 2008) (per curiam) (unpublished) (noting that claim raised in prior habeas petition dismissed without prejudice was not a "successive motion" barred by Antiterrorism and Effective Death Penalty Act of 1996).

III.

The appeal is dismissed.

_____