# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1592

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Ramon Guzman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 19, 2012
Filed: February 21, 2013

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Antonio Ramon Guzman pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Guzman's plea agreement included an appeal waiver. The district court[1] sentenced him to 121

_____

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

months' imprisonment to be followed by five years of supervised release. Guzman appeals, arguing that (1) the government breached the plea agreement by having him plead guilty to a different offense with a higher mandatory minimum sentence than the offense for which he was indicted, and (2) the plea agreement was ambiguous and should be construed against the government. We enforce the appeal waiver contained in the plea agreement and dismiss Guzman's appeal.

## I. *Background*

After Guzman attempted to distribute methamphetamine ("meth") to an undercover police officer, he was arrested. According to the presentence investigation report (PSR), Guzman possessed 370.5 grams of a mixture of meth (125.8 grams of actual meth based on a Drug Enforcement Agency lab test) during the final buy arrangement with the undercover officer.

The government filed an indictment charging that Guzman "did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1)." At Guzman's initial appearance, the magistrate judge reviewed the indictment with Guzman and advised him that the "[p]ossible penalties" were a "minimum [of] 5 years to [a] maximum of 40 years['] imprisonment." Guzman pleaded not guilty to the charges set forth in the indictment. Thereafter, Guzman and the government entered into a plea agreement that was signed by Guzman, Guzman's attorney, and the government. The plea agreement provided, among other things, that (1) Guzman would plead guilty to violating § 841(a)(1); (2) the government had discretion to recommend any sentence within the statutory limits; and (3) Guzman waived his right to appeal, except for the ability to "appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a)."

Paragraph C of the plea agreement states, in relevant part:

> The Defendant will plead guilty to the Indictment filed in this case, which charges the violation of 21 U.S.C. § 841(a)(1). *The charge carries a mandatory minimum sentence of 10 years in prison and a maximum sentence of life in prison*, a $10 million fine, or both, and a term of supervised release.

(Emphasis added.)

At the change-of-plea hearing, the district court reviewed "the mandatory minimum and the possible maximum penalties" with Guzman, stating:

> I wanted to go over with you what the mandatory minimum and the possible maximum penalties are. These are a little different than what was in your Plea Agreement, so I want you to listen carefully as I go through this. It's actually in some instances less than what was in your Plea Agreement.
>
> The mandatory minimum period of imprisonment is a period of not less than 10 years, and the maximum period of imprisonment is not more than 40 years. The maximum fine is not more than $5 million.
>
> * * *
>
> Do you understand those are the mandatory minimum and the maximum penalties that you face if you plead guilty?

Guzman replied, "Yes, Your Honor." Guzman also acknowledged that he was waiving his right to appeal, except if the court sentenced him above the Guidelines range. The district court accepted Guzman's guilty plea, finding that the plea was "knowing and voluntary."

Guzman later filed a pro se motion to withdraw his guilty plea. He argued that the plea agreement violated his Fifth Amendment due process rights because the indictment charged him with possession with intent to deliver a 50-gram mixture of meth, but the factual basis statement of the plea agreement stated that he "possessed 50 grams or more of methamphetamine (pure) with the intent to distribute it to the undercover officer." Guzman subsequently withdrew this pro se motion. At the time of the withdrawal, Guzman stated that his withdrawal of the motion was knowingly, voluntarily, and intelligently made following four meetings with his counsel. The district court granted the motion to withdraw.

The PSR calculated a total offense level of 29 (base offense level of 32 with a three-level reduction for acceptance of responsibility) and a criminal history category of IV. The resulting Guidelines range was 121 to 151 months' imprisonment. Guzman filed no objections to the PSR. During the sentencing hearing, confusion arose as to the correct mandatory minimum. The district court initially stated that the mandatory minimum was five years' imprisonment, but the government and defense counsel ultimately agreed that the mandatory minimum was ten years' imprisonment based on the factual basis statement that Guzman had signed. The factual basis statement indicated that Guzman possessed with intent to distribute 50 grams or more of pure meth rather than a meth mixture. The district court sentenced Guzman to 121 months' imprisonment followed by five years of supervised release. The court based its sentence on Guzman's role in the offense and his lack of full cooperation with law enforcement.

Guzman filed a timely notice of appeal, and the government moved to dismiss the appeal "based upon the valid and enforceable appellate rights waiver contained within the written plea agreement."

II. *Discussion*

Guzman argues that his case should be remanded for resentencing because the plea agreement was ambiguous as to the mandatory minimum for the offense. Guzman did not raise this issue before the district court and acknowledges that if we address the issue he raises, we would do so under a plain-error review standard.[2]

> "We review de novo the issue of whether a defendant has knowingly and voluntarily waived rights in a plea agreement." *United States v. Swick*, 262 F.3d 684, 686 (8th Cir. 2001). "We review questions regarding the interpretation and enforcement of plea agreements de novo. Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." *United States v. Mosley*, 505 F.3d 804, 808 (8th Cir. 2007).

*United States v. Selvy*, 619 F.3d 945, 949 (8th Cir. 2010).

"When reviewing a purported [appeal] waiver [contained in a plea agreement], we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333

---

[2]Guzman also argues that the government breached the plea agreement by arguing for a ten-year mandatory minimum sentence during sentencing rather than a five-year mandatory minimum sentence, which matched the charge in the indictment. We conclude that Guzman waived this argument by withdrawing his pro se motion to withdraw his guilty plea prior to sentencing. *See United States v. Wisecarver*, 598 F.3d 982, 988 (8th Cir. 2010) (explaining that a defendant waives an argument by intentionally relinquishing or abandoning a known right and that waived claims are not reviewable on appeal). As the government points out, in withdrawing his pro se motion to withdraw his guilty plea, Guzman acknowledged that his "decision to withdraw these pleadings is knowingly, voluntarily, and intelligently made following four meetings with counsel." Guzman also filed and signed a consent in which he admitted that he "thoroughly discussed the purpose and the effect" of the withdrawal of his pro se documents and consented to their withdrawal.

at 889–90. But if enforcing the waiver "would result in a miscarriage of justice," we will decline to enforce the waiver "[e]ven when these conditions are met." *Id*. at 890.

We have previously held that a defendant's appeal waiver in a plea agreement was "knowing and voluntary" where the "plea agreement state[d] that [the] guilty plea was 'voluntary' and not coerced," the plea agreement stated that the defendant "discussed the case and her rights with her attorney and that she was advised of the nature and range of her possible sentence," and "[t]he district court confirmed that [the defendant] had reviewed the provisions of the plea agreement with her attorney." *United States v. Cervantes*, 420 F.3d 792, 794 (8th Cir. 2005).

As in *Cervantes*, Guzman entered into the plea agreement after consulting with his attorney. Part A of the plea agreement provides that Guzman "agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands the same." Part O of the plea agreement provides, in relevant part:

> The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

At the change-of-plea hearing, the district court confirmed that Guzman had reviewed the plea agreement with counsel prior to signing it. It also confirmed Guzman's understanding of the appeal waiver. The court concluded that Guzman was "aware of the nature of the charges and the consequences of the plea, and that the plea

of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

As to Guzman's withdrawal of his pro se motion to withdraw his guilty plea, Guzman stated that his withdrawal of the motion was "knowingly, voluntarily, and intelligently made following four meetings with counsel."

Based on the record, we conclude "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333 F.3d at 889–90. Furthermore, Guzman's sentence of 121 months' imprisonment falls below the statutory maximum for either possession with intent to distribute 50 grams of pure meth or 50 grams of a meth mixture. Enforcing the appeal waiver will not result in a miscarriage of justice. *See Andis*, 333 F.3d at 891.

For the aforementioned reasons, we conclude that Guzman waived his right to appeal whether the district court plainly erred in imposing a 121-month sentence based on possessing with the intent to distribute 50 grams or more of pure meth where the indictment alleged 50 grams or more of a meth mixture.

## III. *Conclusion*

Accordingly, we dismiss Guzman's appeal.

_____