# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3328

_____

United States of America

*Plaintiff - Appellee*

v.

Walter Redawn Dixon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 8, 2013
Filed: June 28, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Defendant Walter Dixon pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin within 1,000 feet of a school, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), 846, and 860. The district court[1] accepted Dixon's plea and sentenced him to 194 months' imprisonment and 8 years of supervised release. Dixon now challenges his sentence, arguing that the Sentencing Commission exceeded its authority by encouraging unfettered prosecutorial discretion, that the Sentencing Guidelines do not reduce sentencing disparity–especially when Dixon is compared to his co-conspirators–because the Guidelines shift discretion from the judiciary to prosecutors, and that allowing prosecutors to exercise sentencing discretion violates the separation of powers doctrine. We affirm.

Dixon's plea agreement contained an appeal waiver that allowed him to appeal his sentence only in three limited circumstances: "(1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective." After carefully reviewing the record, we conclude Dixon knowingly and voluntarily entered into a valid plea agreement and appeal waiver and no miscarriage of justice will result from enforcing the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Accordingly, as the appeal waiver forecloses all but one of his arguments, we only address Dixon's constitutional challenge concerning the separation of powers doctrine. We review for plain error. United States v. Thornberg, 676 F.3d 703, 706 (8th Cir. 2012), cert. denied, 133 S. Ct. 1654 (2013).

Before the district court, Dixon argued that to avoid sentencing disparity, he should receive a sentence consistent with the sentence other co-conspirators received in this case, around 120 months' imprisonment. Dixon complained that the government held him more accountable for a drug death and a serious injury than the other members of the conspiracy. Apparently recognizing that he has agreed to very

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

limited appellate review, Dixon attempts to recast this argument as a constitutional, separation of powers challenge. That is, Dixon now seems to assert that the Sentencing Commission has unconstitutionally delegated authority to the executive branch, giving the prosecution too much discretion in sentencing decisions. And, further, according to Dixon, in exercising sentencing discretion, the executive branch exercises power "better wielded by an impartial judiciary."

Neither the Supreme Court nor this circuit has found any merit in challenges to the Sentencing Guidelines on separation of powers grounds. See, e.g., Mistretta v. United States, 488 U.S. 361, 412 (1989) (no separation of powers violation in congressional delegation of authority to the Sentencing Commission); United States v. Grant, 886 F.2d 1513, 1513-14 (8th Cir. 1989) (no separation of powers violation where Guidelines require a government motion before district court may grant a departure). So, too, we have recognized that "[t]he Guidelines were not meant to infringe upon the usual discretion of the executive branch," and "any disparities arising from appropriate prosecutorial practices (or sentences resulting from those practices) are justified under the Guidelines." United States v. Buckendahl, 251 F.3d 753, 761, 763 (8th Cir. 2001). Dixon has failed to cite a single case that even tangentially supports his appeal. Therefore, given a complete lack of precedent supporting Dixon's broad constitutional challenge, we find no merit in his argument on plain error review.

We affirm.

_____