**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 13-4428**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DANIEL EUGENE BIFIELD, a/k/a Diamond Dan,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:12-cr-00430-CMC-1)

—————————

Submitted: November 21, 2013      Decided: December 3, 2013

—————————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Julius N. Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Bifield pled guilty, pursuant to a written plea agreement, to conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012). The district court sentenced Bifield to 210 months' imprisonment. Bifield entered his plea with his wife, Lisa, who was a co-defendant in his case. Lisa's plea was contingent on Bifield pleading guilty. Bifield initially sought to withdraw his guilty plea on the ground that the Government engaged in prosecutorial misconduct by not informing him that Lisa's plea required cooperation with the Government and that she had already given statements to the Government. After being informed of the consequences if his motion to retract his guilty plea were granted, and being warned that withdrawal of his motion to retract his plea would waive his claims, Bifield withdrew his motion. On appeal, Bifield argues that the Government committed prosecutorial misconduct, that as a consequence his plea was not knowing and voluntary, and that his counsel was ineffective. We affirm.

We conclude that, by withdrawing his motion to withdraw his guilty plea, Bifield has waived his claims that the Government committed prosecutorial misconduct and that his plea was not knowing and voluntary. United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) ("A party who identifies an issue,

2

and then explicitly withdraws it, has waived the issue."); see also United States v. Guzman, 707 F.3d 938, 941 n.2 (8th Cir. 2013) (noting that appellant waived argument that Government breached plea agreement by withdrawing motion to withdraw guilty plea); United States v. Chapman, 209 F. App'x 253, 267 n.4 (4th Cir. 2006) (noting that "withdrawal of [an] objection amounts to a waiver of any complaint [regarding the action to which the objection was made], precluding us from considering the issue even under plain error review") (argued but unpublished). An appellant is precluded from resurrecting a waived issue on appeal. See Rodriguez, 311 F.3d at 437. Such waiver "is to be distinguished from a situation in which a party fails to make a timely assertion of a right -- what courts typically call a 'forfeiture,'" id. (quoting United States v. Olano, 507 U.S. 725, 733 (1993)), which may be reviewed on appeal for plain error, see Olano, 507 U.S. at 733-34.

Although Bifield waived his claims regarding prosecutorial misconduct and the voluntariness of his plea, he has not waived his ineffective assistance of counsel claim. However, claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (noting same). Instead, to allow for adequate development of the record, a

3

defendant must ordinarily bring his ineffective assistance claims in a motion pursuant to 28 U.S.C. § 2255. See King, 119 F.3d at 295. We may entertain such claims on direct appeal only if the record conclusively shows that defense counsel did not provide effective representation. Id.; see also United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); cf. Strickland v. Washington, 466 U.S. 668, 687-94 (1984) (explaining standard for ineffective assistance of counsel). We conclude that Bifield has not shown that the record conclusively demonstrates counsel's ineffectiveness.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED