# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3741

_____

United States of America

*Plaintiff - Appellee*

v.

Auden Villereal-Gonzalez, also known as Auden, also known as Auden Villerreal,
also known as Auden Gonzalez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 29, 2014
Filed: June 3, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Auden Villereal-Gonzalez appeals the sentence imposed by District Court[1] after he pleaded guilty to a drug offense. Counsel for Villereal-Gonzalez has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Villereal-Gonzalez has filed a pro se supplemental brief, in which he argues that the District Court sentenced him in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013).

The written plea agreement in this case contains an appeal waiver, but the waiver language provides an exception permitting an argument on appeal that the sentence imposed was "illegal." We construe Villereal-Gonzalez's Alleyne argument as a claim that his sentence was "illegal," and we reject the argument on its merits. Villereal-Gonzalez was not sentenced in violation of Alleyne because the District Court made no factual findings that raised the applicable statutory minimum sentence.

We otherwise enforce the appeal waiver because our review of the plea-hearing record convinces us that Villereal-Gonzalez entered into the plea agreement and the appeal waiver knowingly and voluntarily and that no miscarriage of justice would result from enforcing the appeal waiver in these circumstances. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (holding that court will enforce an appeal waiver and dismiss the appeal where the claims raised on appeal fall within the scope of the waiver, the plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 540 U.S. 997 (2003). Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the waiver. Accordingly, we affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____