# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2754
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Patrick Geraghty

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: April 18, 2014
Filed: July 24, 2014
[Unpublished]
_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Michael Patrick Geraghty pleaded guilty to two counts of distribution of five grams or more of actual methamphetamine by a felon, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. As part of the plea agreement, Geraghty signed

a waiver of appellate rights. Nonetheless, he now appeals the district court's[1] calculation of his offense level as well as its imposition of an upward variance at sentencing. We dismiss Geraghty's appeal.

## I. *Background*

In July 2012, Geraghty distributed approximately 14 grams of pure methamphetamine on two different occasions to a confidential informant. Geraghty distributed more methamphetamine in January 2013. Law enforcement officers subsequently executed a search warrant at Geraghty's home where they uncovered evidence of methamphetamine distribution. On January 31, 2013, law enforcement arrested Geraghty. He was indicted on two counts of distribution of methamphetamine by a felon, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. He pleaded guilty to both charges on March 15, 2013.

As part of his plea agreement, Geraghty signed an appeal waiver that provided:

## WAIVER OF APPEAL

26. [Geraghty's signed initials] After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2). Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

constitutionally defective. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

Geraghty initialed this paragraph and all other paragraphs in the plea agreement. He also acknowledged that he "read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney." He also initialed a paragraph that provided:

Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

At the change-of-plea hearing, the magistrate judge explained to Geraghty that he was giving up his right to appeal by signing the plea agreement, stating:

Now, generally both you and the government would have the right to appeal the sentence to the 8th Circuit Court of Appeals. In this case, however, pursuant to your plea agreement you are waiving your right to appeal except under very limited circumstances that are described in Paragraph 26 of your plea agreement, which is Exhibit 1. Do you understand that as part of your agreement you are waiving your right to appeal except on very limited circumstances?

Geraghty acknowledged that he understood. He also stated that he had reviewed the agreement with his attorney, understood it, and had no questions about it. The magistrate judge determined that the plea was entered into knowingly and voluntarily. The magistrate judge entered the guilty plea, and the district court accepted it without objection from either party.

At sentencing, the district court agreed with the presentence report's recommendation that Geraghty's base offense level was 26 plus a two-level enhancement for obstruction of justice. This resulted in an adjusted offense level of 28. The district court refused to adjust downward for acceptance of responsibility because Geraghty obstructed justice. Because he fell in a criminal history category of III, Geraghty's Guidelines range was 97–121 months. However, the statutory minimum for the offenses was 120 months, so the Guidelines range became 120–121 months. *See* U.S.S.G. § 5G1.1.

The district court then granted the government's motion for an upward variance based on Geraghty's attempts to hire someone to murder the confidential informant involved in his case. The district court elaborated:

> I also would add that the guidelines do not fully capture the seriousness of his obstructive conduct. The obstruction of justice adjustment of two levels covers everything from destroying evidence or making verbal threats against someone to lying to a judge, attempting to escape, providing materially false statements to law enforcement, but

-4-

this is the zenith when you try to put a hit out on someone who is the confidential informant and really the key to the Government's prosecution. So it's a much more serious obstruction than most of the obstructions that I score under the advisory guidelines.

The district court also noted that Geraghty's criminal history score underrepresented his criminal behavior because he had several unscored, serious offenses and he frequently assaulted women. The district court explained that "in spite of being scored for obstruction, really it didn't change the guidelines at all and so there has been no incremental punishment for obstructive conduct" because of the mandatory minimum sentence. The district court then sentenced Geraghty to a total of 180 months' imprisonment—approximately five years above the Guidelines range. The district court also sentenced him to eight years of supervised release.

## II. *Discussion*

On appeal, Geraghty challenges the district court's imposition of the two-level obstruction-of-justice enhancement, denial of a three-level reduction for acceptance of responsibility, and imposition of an upward variance. Geraghty also argues that "the [g]overnment's willful failure to disclose any information [about its investigation into the murder-for-hire plot] made it impossible for [Geraghty] to knowingly consent to the waiver." He argues that enforcement of the waiver would result in a miscarriage of justice because he did not know of the government's allegations until after pleading guilty and that these allegations substantially impacted his sentence. The government responds by arguing that Geraghty reserved his right to appeal in only limited circumstances, which were not present here. Furthermore, the government had no obligation to disclose its investigation of a subsequent, ongoing crime.

"We review de novo the issue of whether a defendant has knowingly and voluntarily waived rights in a plea agreement. We review questions regarding the

interpretation and enforcement of plea agreements de novo." *United States v. Guzman*, 707 F.3d 938, 941 (8th Cir. 2013) (quotations and citations omitted).

Generally, defendants may waive their appellate rights through plea agreements. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). When reviewing an appellate waiver, we must determine "that the issue falls within the scope of the waiver and that both the plea agreement and the waiver were entered into knowingly and voluntarily." *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007) (citation omitted). If so, then we must consider whether enforcement of the waiver will result in a miscarriage of justice. *Id.* Consequently, the government shoulders the burden to "establish: (1) that the appeal is clearly and unambiguously within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *Id.* (quotation, alteration, and citation omitted).

As for whether the waiver was knowing and voluntary, we consider whether the district court questioned the defendant about the defendant's decision to waive appellate rights. *United States v. Griffin*, 668 F.3d 987, 990 (8th Cir. 2012); *Andis*, 333 F.3d at 890–91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). Furthermore,

> [w]e have previously held that a defendant's appeal waiver in a plea agreement was "knowing and voluntary" where the "plea agreement state[d] that [the] guilty plea was 'voluntary' and not coerced," the plea agreement stated that the defendant "discussed the case and her rights with her attorney and that she was advised of the nature and range of her possible sentence," and "[t]he district court confirmed that [the

defendant] had reviewed the provisions of the plea agreement with her attorney." *United States v. Cervantes*, 420 F.3d 792, 794 (8th Cir. 2005).

*Guzman*, 707 F.3d at 941 (second, third, fourth, and fifth alterations in original).

We have also recognized that the miscarriage-of-justice exception is narrow. *Griffin*, 668 F.3d at 990. Although this court has not enumerated an exhaustive list of circumstances in which this exception may apply, it does apply where a defendant appeals an illegal sentence, a sentence that violates the plea agreement, or a claim that raises ineffective assistance of counsel. *Id.* As for illegal sentences, we have emphasized that a sentence is not illegal where the district court sentenced the defendant below the statutory maximum. *See, e.g.*, *Guzman*, 707 F.3d at 942; *Griffin*, 668 F.3d at 990.

Finally, we have upheld the use of an appellate waiver that reads almost verbatim to the waiver in this case. *See United States v. Dixon*, 511 F. App'x 592, 593 (8th Cir. 2013) (per curiam). We have also acknowledged that a defendant may waive improper application and calculation of the Guidelines range, *United States v. Mousseau*, 517 F.3d 1044, 1047–48 (8th Cir. 2008), and challenges to the substantive reasonableness of a sentence, *United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011).

The waiver here provides that Geraghty "retains the right to appeal or contest [his] sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective." The waiver also allows Geraghty to challenge the effectiveness of his counsel. Furthermore, "[t]he waivers . . . relate to any issues that now exist or that may arise in the future."

Geraghty's appeal does not fall into one of these categories; thus, he has waived these challenges on appeal. *See Dixon*, 511 F. App'x at 593. The court did not sentence Geraghty above the statutory maximum. *See Guzman*, 707 F.3d at 942; *Griffin*, 668 F.3d at 990. Geraghty does not assert that the government violated the terms of the plea agreement. He does not assert that the sentence is constitutionally defective,[2] for he avers only that the district court miscalculated his offense level and imposed an unreasonable sentence. The appellate waiver unambiguously precludes these challenges.

Geraghty's primary argument is that he did not *knowingly* waive his appellate rights where the government withheld information that it was investigating him for attempting to murder the confidential informant. Furthermore, he alleges that this withholding of information constitutes a miscarriage of justice if we enforce the waiver. We reject this argument. First, the government had no legal obligation to disclose that it was investigating Geraghty for a separate crime. Second, Geraghty already knew about the circumstances involving his attempted-murder-for-hire because he was the party that committed the offense. As the government notes, "[h]is only real complaint is he did not know that the *government* knew about his conduct." Third, the government's investigation into the crime lasted from before Geraghty signed the plea agreement until after the plea hearing. If the government disclosed its

---

[2]In his opening brief, Geraghty mentions a case with constitutional implications in support of his argument that the district court erred in varying upward by five years. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013). Although we ultimately conclude that Geraghty did not advance a constitutional argument, and thus his waiver precludes his challenge to the upward variance, we nonetheless note that *Alleyne* does not apply here. We have already determined that a criminal defendant is "not sentenced in violation of *Alleyne* because the District Court made no factual findings that raised the applicable statutory minimum sentence." *United States v. Villereal-Gonzalez*, No. 13-3741, __ F. App'x__, 2014 WL 2457698, at *1 (8th Cir. June 3, 2014) (per curiam). Geraghty admits in his opening brief that "the obstruction enhancement did not alter the mandatory minimum or maximum of the charge."

investigation before the guilty plea, "the investigation would have been incomplete and the disclosure would have squelched any further investigation into a new crime."

Most importantly, Geraghty acknowledged in the plea agreement and at the plea hearing that he knowingly and voluntarily waived these appellate rights. The magistrate judge extensively explained Geraghty's appellate rights; Geraghty acknowledged that he understood these rights and had read the plea agreement with his attorney. Geraghty then entered the plea with no objections. We have upheld appellate waivers based on similar facts. *See Guzman*, 707 F.3d at 941.

Finally, the facts here do not implicate the narrow miscarriage-of-justice exception to appellate waivers. As such, Geraghty has waived his appellate right to challenge his Guidelines calculation and below-the-maximum sentence.

### III. *Conclusion*

We dismiss Geraghty's appeal.

_____