# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1903

_____

United States of America

*Plaintiff - Appellee*

v.

David Russell Darr

*Defendant - Appellant*

_____

No. 25-1904

_____

United States of America

*Plaintiff - Appellee*

v.

David Russell Darr

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 9, 2025
Filed: December 12, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In these consolidated cases, David Russell Darr appeals after he pleaded guilty to receipt of child pornography, and his supervised release for a prior offense was revoked. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the prison sentences are substantively unreasonable. Darr makes additional arguments in a *pro se* brief, including that his plea was involuntary, he is innocent, and the district court[1] was biased.

Upon careful de novo review, we will enforce the appeal waiver in the receipt-of-child-pornography case. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). Contrary to Darr's arguments, the record demonstrates that he knowingly, voluntarily, and competently entered into the plea agreement and appeal waiver. At the plea hearing, he unequivocally testified under oath that he understood the proceedings and "everything" in the plea agreement; he was fully satisfied with counsel; there was a sufficient factual basis for his plea; he had, in fact, committed the offense; he had no questions; and nobody had coerced his plea. See United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc). Those representations carry a strong presumption of verity. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). Furthermore, the challenges raised by Darr and his counsel fall within the scope of the waiver, see United States v. Gray, 528 F.3d

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

-2-

1099, 1100-02 (8th Cir. 2008), and no miscarriage of justice would result by enforcing it, see United States v. Berrier, 110 F.4th 1104, 1111-12 (8th Cir. 2024); United States v. Seizys, 864 F.3d at 932 (8th Cir. 2017); United States v. Griffin, 668 F.3d 987, 989-91 (8th Cir. 2012).

We further conclude the district court did not abuse its discretion by imposing a substantively unreasonable sentence upon revoking Darr's supervised release. See United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (standard of review). The prison term is within the statutory maximum, and the record reflects that the district court did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. See 18 U.S.C. § 3583(e)(3); United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019); Miller, 557 F.3d at 917. The court also acted within its discretion by imposing the sentence consecutively to the sentence for receipt of child pornography. See 18 U.S.C. § 3584(a); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996). Moreover, to the extent Darr challenges the decision to revoke his supervised release, we conclude the court did not clearly err by relying on his stipulations. See United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam).

We also conclude that Darr's allegations of bias lack support in the record, see Liteky v. United States, 510 U.S. 540, 555-56 (1994), and that any claims of ineffective assistance of counsel are more appropriate for collateral review, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss the appeal as to the judgment for the receipt-of-child-pornography conviction, we affirm the revocation judgment, and we grant counsel leave to withdraw.

_____